The STATE of Ohio, Appellee,

v.

WILKINSON, Appellant.

[Cite as *State v. Wilkinson*, 178 Ohio App.3d 99, 2008-Ohio-4400.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21744.

Decided Aug. 29, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Bahjat M. Abdallah, for appellant.

WALTERS, Judge.

{¶ 1} Defendant-appellant, Malik S. Wilkinson, appeals the judgment of the Montgomery County Common Pleas Court convicting him of escape, R.C. 2921.34(A), a felony of the second degree, and sentencing him to a prison sentence of four years. Wilkinson claims that the trial court erred in allowing the indictment against him to be amended to include dates subsequent to the date the grand jury returned the indictment. For the reasons set forth herein, we reverse the trial court's judgment.

{¶ 2} Wilkinson was convicted in 1986 of felonious assault of a peace officer. R.C. 2903.11(D)(1). He was sentenced to serve from six to 25 years in prison. On March 29, 2005, Wilkinson was released on parole.

{¶ 3} The terms of his parole required Wilkinson to keep his parole officer advised of his place of residence. Following his discharge from a residential program on January 25, 2006, Wilkinson failed to present himself for supervision or submit a current place of residence.

{¶ 4} On May 10, 2006, Wilkinson was charged by indictment for the crime of escape, R.C. 2921.34(A), a felony of the second degree. The indictment charged that Wilkinson's offense occurred from January 24 through January 31, 2006. He was subsequently arrested on June 4, 2006, for violating the terms of his parole.

{¶ 5} Three days prior to defendant's trial, the state moved to amend the indictment to allege that the escape offense occurred between January 24 and June 4, 2006, the date defendant was arrested. Defendant objected. The trial court allowed the amendment, finding that it did not change the elements of the crime of escape that the state was required to prove. Defendant then entered a plea of no contest to the escape charge and was sentenced to an agreed prison term of four years.

{¶ 6} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. In a decision and entry filed on July 20, 2007, this court found arguable merit in defendant's contention that the trial court erred when it granted the state's motion to amend the indictment. Accordingly, we appointed new appellate counsel to raise that issue in defendant's direct appeal. Wilkinson now asserts three assignments of error for our consideration.

First Assignment of Error

{¶ 7} "The court erred in granting the amendment of the indictment as the state violated Wilkinson's due process rights when the date range on the indictment was amended and expanded.

Second Assignment of Error

{¶ 8} "In allowing the changing of the dates on the indictment, the prosecution changed the identity of the crime, thus violating Wilkinson's constitutional rights.

Third Assignment of Error

{¶ 9} "The trial court erred in finding Wilkinson guilty, accordingly, Wilkinson's conviction should be reversed and this court should enter a judgment of acquittal."

{¶ 10} In these related assignments of error, Wilkinson argues that the trial court erred in allowing the state to amend the indictment, over his objection, by expanding the time frame during which defendant's escape offense occurred from the period originally specified, January 24 through January 31, 2006, to a greatly expanded period of January 24 through June 4, 2006. Wilkinson relies on the holdings of *State v. Vitale* (1994), 96 Ohio App.3d 695, 645 N.E.2d 1277, and *State v. Plaster*, 164 Ohio App.3d 750, 2005–Ohio–6770, 843 N.E.2d 1261, claiming that the expanded time frame changed the identity of the crime charged and created a substantial risk that his conviction was based upon acts that were never presented to or considered by the grand jury. The state claims that Crim.R. 7(D) permits the amendment here.

{¶ 11} Crim.R. 7(D) governs amendment of indictments and provides:

{¶ 12} "(D) The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, informa-

tion, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

{¶ 13} In this case, unlike in *Plaster* and *Vitale*, the trial court could properly enlarge the dates in the indictment, pursuant to Crim.R. 7(D), because defendant's failure to report to his parole officer, which is the basis of the alleged breaking of detention in violation of R.C. 2921.34(A)(1), was a continuing, recurring offense and a pattern of conduct spanning every day until defendant was finally apprehended. That apprehension occurred on June 4, 2006. In both *Plaster* and *Vitale*, the offenses that were charged in the amended indictment involved discrete instances of the commission of the same crime over a period of time, not a continuing course of conduct, such as the escape charge here. See also *State v. Honeycutt*, Montgomery App. No. 19004, 2002–Ohio–3490, 2002 WL 1438648.

{¶ 14} Because the exact date and time of the offense are not elements of the crime of escape under R.C. 2921.34(A)(1), the failure to provide an exact date or time is not a basis for dismissing the charge. *State v. Sellards* (1985), 17 Ohio St.3d 169, 17 OBR 410, 478 N.E.2d 781; *State v. White* (April 17, 1986), Greene App. No. 85 CA 38, 1986 WL 4613. Furthermore, because the date and time are not elements of the offense of escape, and because the crime of escape is a continuing course of conduct that does not involve the commission of discrete offenses during the time frame, any change in the date does not change the name or identity of the crime charged. *White*, Crim.R. 7(D).

{¶ 15} In *Honeycutt*, we held, consistent with that rationale, that an amendment did not change the name or identity of the crime charged in the indictment because the amendment merely charged a pattern of conduct in which the additional time frame involved the same crime. However, unlike here, the amendment to the *Honeycutt* indictment did not include dates subsequent to the return of the indictment.

{¶ 16} While Crim.R. 7(D) attempts to embody the protection guaranteed by Section 10, Article I of the Ohio Constitution that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury," in this case it fails in one very important respect.

{¶ 17} That constitutional guarantee not only protects the accused but also serves the public at large, as a barrier against unjust prosecution. See *State v. Colon*, 118 Ohio St.3d 26, 2008–Ohio–1624, 885 N.E.2d 917, at ¶ 17; *State v.*

*Joseph* (1995), 73 Ohio St.3d 450, 466, 653 N.E.2d 285 (Moyer, C.J., dissenting). This "presentment" is the sine qua non of the state invoking its power to prosecute an individual absent a clear waiver of that important right by the individual accused.

{¶ 18} It is clear that the date of an offense is not an essential element of the offense that is required to be stated in the indictment. Nonetheless, R.C. 2941.05 provides that an indictment generally "is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." And, among other things, it "is sufficient if it can be understood therefrom: * * * (E) That *the offense was committed at some time prior to the time of finding of the indictment.*" (Emphasis added.) R.C. 2941.03. In this case, the amended indictment obviously describes an offense that was committed both prior to and subsequent to the finding of the indictment by the grand jury. The effect of the amendment, including the dates between May 10, 2006, and June 4, 2006, is that the amended indictment charges a crime that had not yet occurred at the time the grand jury returned it. This is clearly improper.

{¶ 19} Consequently, the amended indictment does not fail for reason of the failure to notify the defendant of the crime that he has allegedly committed, because the crime itself has not changed, and the amendment is otherwise proper pursuant to Crim.R. 7. However, by amending the indictment to include dates after the filing of the indictment, it is also clear that the crime alleged in the amended indictment was, at least in part, neither presented to nor considered and returned by the grand jury, and the amended indictment is therefore improper. It is conceivable that the finder of fact in such a case might find the defendant guilty of a criminal act occurring only after the return of the indictment, but not based upon any acts prior thereto.

{¶ 20} The amended indictment is not valid for the reason that it included dates subsequent to the filing of the indictment returned by the grand jury, and therefore, the trial court erred in amending the indictment to include dates after the return of the indictment. The first assignment of error is sustained, the second assignment of error is overruled, and the third assignment of error is moot.

{¶ 21} The judgment of conviction and sentence entered by the Montgomery County Common Pleas Court is reversed, and the cause is remanded for further proceedings consistent herewith.

Judgment reversed
and cause remanded.

FAIN, J., concurs.

GRADY, J., dissents.

SUMNER E. WALTERS, J., retired, of the Third District Court of Appeals, sitting by assignment.

GRADY, Judge, dissenting.

{¶ 22} I respectfully dissent from the decision of the majority and would instead hold that the trial court did not err when it ordered the amendment of the indictment that the state requested.

{¶ 23} An indictment or information serves two distinct purposes. One purpose is to set up the elements of the offense, so as to sufficiently apprise the defendant of what he must be prepared to meet, in order to satisfy due process, as well as to identify the criminal charges in a way sufficient to protect against a second prosecution that violates the double jeopardy clause. *Russell v. United States* (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; *Hamling v. United States* (1974), 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590. The standards that satisfy that requirement are set out in R.C. 2941.05:

{¶ 24} "In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

{¶ 25} The other, and preceding, purpose an indictment serves is to invoke the jurisdiction of the court in which it is filed, to proceed to try the defendant for the public offense charged in the indictment. The jurisdiction of the court of common pleas and its divisions is established by statute. Section 4(B), Article IV, Ohio Constitution. The jurisdictional requirements for a valid indictment are set out in R.C. 2941.03:

{¶ 26} "An indictment or information is sufficient if it can be understood therefrom:

{¶ 27} "(A) That it is entitled in a court having authority to receive it, though the name of the court is not stated;

{¶ 28} "(B) If it is an indictment, that it was found by a grand jury of the county in which the court was held, of [sic] if it is an information, that it was

subscribed and presented to the court by the prosecuting attorney of the county in which the court was held;

{¶ 29} "(C) That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is unknown to the jury or prosecuting attorney, but no name shall be stated in addition to one necessary to identify the accused;

{¶ 30} "(D) That an offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein;

{¶ 31} "(E) That the offense was committed at some time prior to the time of finding of the indictment or filing of the information."

{¶ 32} My point in making this distinction is to put defendant-appellant's assignment of error in its proper context. Three days prior to trial, the court granted the state's motion to amend the indictment the grand jury had returned in order to add dates on which the escape offense allegedly occurred that were subsequent to the date on which the indictment was filed. That amendment did not offend R.C. 2941.05 because the amended indictment was sufficient to charge the offense defendant was alleged to have committed. The issue is whether the amendment the court ordered failed to satisfy the jurisdictional requirements of R.C. 2941.03 and more specifically the temporal requirement of division (E) of that section. If the court erred in ordering the amendment, then the indictment that was filed could not operate to invoke the court's jurisdiction to try defendant for offenses that occurred subsequent to its filing, of which defendant was convicted on his plea.

{¶ 33} Crim.R. 7(D) authorizes an amendment to the form or substance of an indictment "at any time before, during, or after a trial * * * in respect to any * * * variance with the evidence, provided no change is made in the name or identity of the *crime* charged." (Emphasis added.) That prohibition embodies the guarantee of Section 10, Article I of the Ohio Constitution that "no person shall be held to answer for a capital, or otherwise infamous, *crime*, unless on presentment or indictment of a grand jury." (Emphasis added.) That requirement is jurisdictional, and it operates as a protection against malicious or untoward criminal prosecutions. *State ex rel. Doerfler v. Price* (1920), 101 Ohio St. 50, 128 N.E. 173.

{¶ 34} A "crime" is the generic voluntary act or omission that a section of the Revised Code defines and prohibits. An "offense" comprehends criminal liability for commission of a crime and requires a finding of the particular conduct and degree of culpability constituting commission of a crime alleged in an indictment. R.C. 2901.21(A). The indictment must sufficiently allege the date on which the alleged offense occurred in order to satisfy the due process and double jeopardy

protections. *Russell*; *Hamling*; R.C. 2941.03(E). The date on which the alleged offense occurred is not an element of the *crime* charged, however. *State v. Sellards* (1985), 17 Ohio St.3d 169, 17 OBR 410, 478 N.E.2d 781. Therefore, an amendment that changes the date on which conduct constituting an alleged offense occurred does not change the name or identity of the crime charged for purposes of jurisdictional requirements of Section 10, Article I relating to an indictment, so long as a violation of the same section of the Revised Code is the basis of both the original and amended offenses charged.

{¶ 35} The sole difference between the offenses charged in the original indictment the grand jury returned and the offense charged in the amendment to the indictment the court ordered is the date or dates on which defendant committed an offense of escape. The substance of the amendment changed neither the name nor the identity of the "crime" charged, which remains the crime of escape prohibited by R.C. 2931.34(A). Therefore, the amendment was one permitted by Crim.R. 7(D), and does not offend the prohibition in Section, Article I of the Ohio Constitution that no person shall be held to "answer for" an "infamous crime, unless on presentment or indictment of a grand jury," because the same crime was charged in the original indictment the grand jury returned and the indictment as amended.

{¶ 36} While the state is obligated to prove the criminal offense alleged in the indictment, the state is not obligated to rely on evidence that was presented to the grand jury when it returned the indictment. The state may rely on and present other evidence, and the court is permitted by Crim.R. 7(D) to amend the substance of the indictment to cure any variance between its terms and evidence the state would offer at trial, so long as the defendant is not as a result charged to answer for a different crime.

{¶ 37} The amendment did amend the substance of the indictment regarding the date or dates on which defendant committed the alleged offense of escape, in order to cure a variance between the terms of the indictment and the proof the state would offer to prove the crime alleged in the indictment. Defendant was therefore entitled to a continuance of the trial under Crim.R. 7(D), had he requested one. Defendant objected that the amendment would affect the defense he had prepared, but he didn't request a continuance and instead entered a plea of no contest. In that circumstance, defendant forfeited the right to complain that he was prejudiced by the lack of a continuance.