[Cite as *State v. Finch*, 2013-Ohio-1862.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120553 |
| | | TRIAL NO. 12CRB-10533 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MARSHELL FINCH, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 8, 2013


*John Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Heidi Rosales*, Assistant City Prosecutor, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1} Defendant-appellant Marshell Finch appeals from the trial court's judgment convicting her of telecommunications harassment following a bench trial. Because the state amended the complaint issued against Finch to reflect a date of offense that was subsequent to the date of the filing of the original complaint, we hold that the trial court was without jurisdiction to render judgment against Finch.

### *Factual Background*

{¶2} On April 10, 2012, a complaint for telecommunications harassment was issued against Finch. The complaint alleged that, on or about March 9, 2012, Finch had committed the offense of telecommunications harassment in violation of R.C. 2917.21. The victim of Finch's offense was Ayesha Shabazz.

{¶3} During trial, Shabazz testified that during the period of February 2012 through March 9, 2012, Finch had called her over 100 times. Finch continually threatened Shabazz through the calls, and she continued to call Shabazz despite Shabazz's request that she stop. Shabazz had recorded a phone call from Finch that occurred on April 11, 2012, and the prosecutor asked the trial court for permission to play the recorded call in court. Counsel for Finch objected, arguing that the call could not be used as evidence because it had been made approximately one month after the date of offense provided in the complaint. The prosecutor then moved, pursuant to Crim.R. 7, to amend the complaint to conform to the evidence and reflect a date of offense of April 11, 2012. The trial court granted the state's motion to amend over Finch's objection. The call recorded on April 11, 2012, was then played in court.

{¶4} At the close of evidence, the trial court found Finch guilty of telecommunications harassment. She now appeals.

### Lack of Jurisdiction

{¶5} In her first assignment of error, Finch argues that the trial court erred in allowing the state to amend the complaint. In her second assignment of error, Finch argues that her conviction should be reversed due to a defective complaint that left the trial court with no jurisdiction. We consider these assignments together.

{¶6} The Hamilton County Municipal Court has jurisdiction over misdemeanors committed within its territorial jurisdiction. R.C. 1901.20. The filing of a valid complaint invokes the court's jurisdiction. *State v. Blair*, 1st Dist. Nos. C-100150 and C-100151, 2010-Ohio-6310, ¶ 15. Because the complaint is the jurisdictional charging instrument of the court, a municipal court will not acquire jurisdiction over a case that originates with a defective or invalid complaint. *State v. Miller*, 47 Ohio App.3d 113, 547 N.E.2d 399 (1st Dist.1988).

{¶7} Pursuant to Crim.R. 3, a complaint shall contain a statement of facts describing the offense charged and the numerical designation of the applicable statute or ordinance that has been violated, and must be made upon oath before any person authorized by law to administer oaths. *Blair*, 2010-Ohio-6310 at ¶ 15. The original complaint issued in this case was in compliance with Crim.R. 3. The complaint, issued on April 10, 2012, alleged that Finch had committed the offense of telecommunications harassment in violation of R.C. 2917.21, and that she had committed this offense on or about March 9, 2012. The complaint further contained a supporting statement of facts and was properly made upon oath.

{¶8} The original complaint was amended pursuant to Crim.R. 7 to conform to the evidence that had been presented and to reflect a date of offense of April 11, 2012. Under Crim.R. 7(D), a complaint can be amended at any time, provided that no change is made to the name or identity of the crime charged. Following amendment, the complaint in this case, issued on April 10, 2012, reflected a date of offense of April 11, 2012. Finch argues that because the complaint reflected a date of offense that was subsequent to the date that the complaint was filed, it was defective. The state argues that the amendment was proper under Crim.R. 7(D) because it did not affect the name or identity of the crime charged, but merely changed the date of the offense.

{¶9} The state has cited several cases that upheld the amendment of a complaint to reflect a date of offense that was subsequent to the date of offense provided for in the original complaint. *See State v. Preston-Glenn*, 10th Dist. No. 09AP-92, 2009-Ohio-6771. *See also State v. Martindale*, 5th Dist. No. 00CA 30, 2001 Ohio App. LEXIS 1733 (Apr. 3, 2001). But these cases are factually distinguishable from the case before this court. In both *Preston-Glenn* and *Martindale*, the date of offense reflected in the amended complaint was not subsequent to the date on which the original complaint had been issued.

{¶10} Case law on the amendment of indictments in felony cases is instructive. In *State v. Wilkinson*, 178 Ohio App.3d 99, 2008-Ohio-4400, 896 N.E.2d 1027 (2d Dist.), the Second Appellate District considered the validity of an indictment that had been amended to reflect a date of offense that was subsequent to the date that the defendant had originally been charged by indictment. *Id.* at ¶ 4-5. The court held that the amended indictment was not valid because "by amending the

indictment, it is also clear that the crime alleged in the amended indictment was, at least in part, neither presented to nor considered and returned by the grand jury." *Id.* at ¶ 19-20.

{¶11} We hold that a complaint is invalid when it reflects a date of offense that is subsequent to the date on which the complaint was issued. In this situation, the complaint would facially indicate that a crime was going to occur at some point in the future. The person authorized by law to make the complaint under oath cannot swear that a crime will be committed in the future. Such a complaint is not in compliance with Crim.R. 3. Because the amended complaint in this case indicated that the date of offense was a date subsequent to the date on which the complaint was issued, it was invalid and the trial court's jurisdiction was not invoked. Consequently, the court did not have jurisdiction to render judgment against Finch. Finch's first and second assignments of error are sustained.

{¶12} In her third assignment of error, Finch argues that her conviction for telecommunications harassment was against the manifest weight of the evidence. We do not address this argument, as it is rendered moot by our resolution of the first and second assignments of error.

{¶13} The trial court's judgment convicting Finch of telecommunications harassment is reversed, and the cause is remanded with instructions to the trial court to dismiss the complaint against Finch, and for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

HILDEBRANDT and CUNNINGHAM, JJ., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.