[Cite as *State v. Wilkins*, 2015-Ohio-337.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25968 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-544 |
| v. | : | |
| | : | (Criminal Appeal from |
| ANTHONY WILKINS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of January, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489, Sebaly Shillito & Dyer, 1900 Kettering Tower, 40 North Main Street, Dayton, Ohio 45423
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Anthony Wilkins appeals from his conviction and sentence for Theft. He contends that the trial court erred by permitting the State to amend the indictment the day before trial. We agree. Consequently the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I.    Wilkins Rents Property, then Fails to Pay

{¶ 2} In April 2011, Wilkins entered into a rental agreement with Rent-A-Center for the rental of bedroom furniture as well as a washer and dryer. Wilkins made an initial payment of $59.80. The merchandise was delivered to Wilkins' residence. The rental agreement required Wilkins to make weekly payments to Rent-A-Center in the sum of $82.80. Wilkins timely made three payments, but failed to make any payments thereafter. Following numerous unsuccessful attempts by Rent-A-Center to contact Wilkins, a police report was filed.

{¶ 3} Wilkins was indicted on July 26, 2012 on one count of Theft in an amount greater than $500, in violation of R.C. 2913.02(A)(2). The indictment alleged that the offense occurred on or about May 7, 2011. The day before trial, the State moved to amend the indictment to change the date of the offense to indicate that the offense occurred "between the dates of May 7, 2011 to the present." Dkt. 48. On the morning of trial, Wilkins objected to the amendment of the indictment, but the trial court allowed it.

{¶ 4} Wilkins was convicted of Theft. The jury made a separate finding that the property at issue had a value of $1,000 or more. On October 15, 2013, Wilkins filed a motion for acquittal or mistrial, in which he argued that the indictment was improperly

amended. There was no ruling on the motion. On October 22, 2013, the trial court sentenced Wilkins to a term of community control sanctions, including making restitution to Rent-A-Center in the amount of $1,623. Wilkins appeals.

## II. The Trial Court Erred by Allowing the Amendment of the Indictment

{¶ 5} Wilkins's First Assignment of Error states as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT WHICH DENIED MR. WILKINS HIS RIGHT TO A FAIR TRIAL.

{¶ 6} Wilkins contends that the indictment was improperly amended. Specifically, he argues that the trial court erred in allowing the indictment against him to be amended to include dates subsequent to the date the grand jury returned the indictment. He cites this court's opinion in *State v. Wilkinson*, 178 Ohio App.3d 99, 2008-Ohio-4400, 896 N.E.2d 1027 (2d Dist.), as support for his argument. The State acknowledges the application of *Wilkinson* to the facts of this case; however, the State contends that Wilkins failed to demonstrate prejudice stemming from the amendment.

{¶ 7} In *Wilkinson*, we considered an indictment that was amended to reflect an offense date that was subsequent to the date of the original indictment. *Id.* at ¶ 4-5. In that case, the defendant was charged by indictment, on May 10, 2006, with the offense of escape. *Id.* The indictment charged that the offense occurred from January 24 through January 31, 2006. *Id.* The indictment was amended approximately three days prior to trial to include an offense date of January 24 through June 4, 2006. *Id.* We held the indictment was invalid because "the crime alleged in the amended indictment was, at

least in part, neither presented to nor considered and returned by the grand jury." *Id.* at ¶ 19-20. Accord, *State v. Finch*, 1st Dist. Hamilton No. C-120553, 2013-Ohio-1862.

**{¶ 8}** As in *Wilkinson*, the indictment in this case was amended to include dates from May 7, 2011 to "the present" -- the date of trial, which was September 2013. Thus, it included conduct occurring for approximately two years after the date of the original presentment to the grand jury. Therefore, as acknowledged by the State, our holding in *Wilkinson* is applicable.

**{¶ 9}** The State, however, contends that Wilkins did not allege any prejudice when he objected to the amendment, and that there is no prejudice, since the date of the offense is not a material element of the offense.

**{¶ 10}** We conclude that the amendment prejudiced Wilkins's ability to defend. Wilkins was indicted on one count of Theft, in violation of R.C. 2913.02(A)(2), which states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."

**{¶ 11}** For approximately two years, Wilkins was on notice of a claim that he committed an offense on one date -- the date the fourth weekly payment to Rent-A-Center was due. Thus, he was on notice that the State had the burden to prove that he had the requisite mens rea for Theft on that date. Wilkins could rely for his defense upon the argument that the State failed to meet this burden, because it could not prove that he acted either knowingly or purposefully by missing one payment on May 7, 2011. When the State expanded the charged conduct to cover two years of missing payments, it

prejudiced this defense – Wilkins now had to argue the requisite mens rea over this greater period of non-payment.

{¶ 12} Thus, even if failure to demonstrate prejudice is enough to overcome the holding in *Wilkinson*, *supra*, a proposition that we need not, and do not, decide,[1] we conclude that Wilkins has shown prejudice.

{¶ 13} Wilkins's First Assignment of Error is sustained.

### III.     Wilkins's Remaining Assignments of Error Are Moot

{¶ 14} Wilkins's Second, Third, Fourth and Fifth Assignments of Error state:

THE TRIAL COURT ERRED BY ALLOWING THE RENT-A-CENTER MANAGER TO TESTIFY AS TO THE VALUE OF THE PROPERTY.

THE TRIAL COURT ERRED BY ALLOWING THE VERDICT FORM TO INCLUDE A FINDING OF VALUE THAT WAS NEVER PUT BEFORE THE GRAND JURY.

THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING MR. WILKINS TO BE CONVICTED OF A FELONY AND SENTENCING HIM ON A FELONY OFFENSE.

THE TRIAL COURT ERRED BY DENYING BOTH MR. WILKINS' RULE 29 MOTION FOR ACQUITTAL AND POSTRIAL MEMORANDUM

---

[1] It might reasonably be argued that by amending the indictment in this fashion, Wilkins was being held to answer for a criminal act – Theft after the date of the indictment -- with which he was not charged by the grand jury upon a finding of probable cause.

AND MOTION FOR ACQUITTAL OR MISTRIAL.

{¶ 15} Given our disposition of the First Assignment of Error, in Part II, above, the remaining assignments of error are overruled as moot.

## IV.    Conclusion

{¶ 16} Wilkins's First Assignment of Error having been sustained, and his other assignments of error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Bryan K. Penick
Hon. Gregory F. Singer