[Cite as *State v. Yeldell*, 2018-Ohio-1323.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27680 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-2579 |
| | : | |
| ARRIE YELDELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of April, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 400 Wayne Avenue, P.O. Box 8750, Dayton, Ohio 45401
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Arrie Yeldell appeals from his conviction and sentence on one count of failure to provide notice of a change of residence, a first-degree felony.

**{¶ 2}** In his sole assignment of error, Yeldell contends the trial court erred in allowing the State to amend his indictment in violation of his right to a fair trial.

**{¶ 3}** The record reflects that a grand jury indicted Yeldell on the failure-to-notify charge on September 26, 2016. (Doc. #1). The indictment accused Yeldell, a registered sex offender, of failing to provide the required notice "between the dates of August 1, 2016 through present." The indictment stated that his duty to provide notice was based on a prior conviction for kidnapping (sexual activity) on April 13, 2012. (*Id.*).

**{¶ 4}** Shortly before trial, the State moved to amend the indictment to change the date of Yeldell's prior conviction from April 13, 2012 to May 1, 2012. (Doc. #24). The trial court discussed the proposed change with the parties prior to voir dire on July 5, 2017. The following exchange occurred:

THE COURT: * * * The State filed a motion to amend the indictment simply to correct the date of the prior offense. Is that correct?

MR. SAULINE: Correct. The termination entry date, yes.

THE COURT: I'm sorry. The termination entry date. And from my perspective, that doesn't change the—yeah, the defendant has been on notice of the charge. Any objection or argument, [defense counsel] Mr. Sullivan?"

MR. SULLIVAN: No, Your Honor. I have reviewed that and it appears that the original indictment had the termination entry date, but the

termination entry was later amended so it reflects the amended date so there'd be no objection.

THE COURT: All right. * * *

(Tr. Vol. I at 4-5).

{¶ 5} The parties then stipulated that Yeldell had been convicted of a sexually-oriented offense on May 1, 2012 and, as a result, that he was subject to sex-offender registration requirements. (*Id.* at 12-13). Consistent with the original indictment, the trial court proceeded to inform prospective jurors that the failure-to-notify offense was "alleged to have occurred between August 1, 2016 and September 26th." (*Id.* at 19). At the conclusion of the trial, the prosecutor asserted in a closing argument that Yeldell had failed to provide notice of a change of address between August 1, 2016 and September 26, 2016. (Tr. Vol. II at 232). The prosecutor also referenced the parties' stipulation that Yeldell had been convicted of a sexually-oriented offense on May 1, 2012. (*Id.* at 233). Later, in its instructions to the jury, the trial court stated: "Before you can find the defendant guilty, you must find beyond a reasonable doubt that between the dates of August 1, 2016 and September 26, 2016, and in Montgomery County, Ohio the defendant was required to register as a sexually oriented offender and failed to provide written notice of a change of his residence * * *." (*Id.* at 261). Based on the evidence presented, the jury found Yeldell guilty. The trial court imposed a mandatory three-year prison term. (Doc. # 38).

{¶ 6} On appeal, Yeldell contends the trial court erred in allowing the State to amend his indictment to expand the date range for his failure-to-notify offense. As set forth above, the original indictment, which was returned on September 26, 2016, alleged

that Yeldell's offense occurred "between the dates of August 1, 2016 through present." Yeldell asserts that the indictment was amended effective July 5, 2017, when the trial court sustained the State's motion just before voir dire. That being so, he reasons that the indictment's language "between the dates of August 1, 2016 through present" meant through July 5, 2017. Thus, he contends the amended indictment included offense dates *after* the date the grand jury returned the indictment. Yeldell maintains that he cannot be convicted based on acts he committed after the grand jury indicted him.

{¶ 7} Upon review, we find no merit in Yeldell's argument, which misconstrues the amendment. The State's motion sought only to amend the date of his prior conviction for a sexually-oriented offense from April 13, 2012 to May 1, 2012. We see no reason to interpret the sustaining of this motion to mean that the trial court sub silentio amended the date range of Yeldell's current offense. No one interpreted the amendment as having such an effect in the proceedings below, and we see no basis for such an argument. The fact that the trial court sustained the State's motion on July 5, 2017 did not make July 5, 2017 the ending date for Yeldell's offense, particularly where the requested amendment had nothing to do with the date range for his offense.

{¶ 8} Without objection, the trial court simply permitted the indictment to be amended to reflect that Yeldell's prior conviction occurred on May 1, 2012. The trial court then told prospective jurors that the failure-to-notify offense was alleged to have occurred between August 1, 2016 and September 26, 2016, which was the date range set forth in the original grand-jury indictment. Consistent with the original indictment, the prosecutor also asserted in closing argument that Yeldell had failed to provide notice of a change of address between August 1, 2016 and September 26, 2016. Finally, the trial court

instructed the jury that it could not convict Yeldell unless it found that he had failed to provide notice of an address change between August 1, 2016 and September 26, 2016. Under these circumstances, we are unconvinced that the amendment at issue violated Yeldell's right to a fair trial.

{¶ 9} Yeldell's reliance on *State v. Wilkinson*, 178 Ohio App.3d 99, 2008-Ohio-4400, 896 N.E.2d 1027 (2d Dist.), fails to persuade us otherwise. In that case, the State did move to amend the indictment to include offense dates subsequent to the date the grand jury returned its indictment, and the trial court allowed the amendment over the defendant's objection. This court reversed, finding the amended indictment "not valid for the reason that it included dates subsequent to the filing of the indictment returned by the grand jury[.]" *Id.* at ¶ 20. Unlike *Wilkinson*, the State did not move to amend Yeldell's indictment to include dates subsequent to the date of the grand-jury indictment, and the trial court made no such amendment. Therefore, *Wilkinson* is distinguishable.

{¶ 10} Yeldell's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


WELBAUM, P. J. and TUCKER, J., concur.


Copies mailed to:

Mathias H. Heck
Michael J. Scarpelli
Christopher C. Green
Hon. Mary Katherine Huffman