[Cite as *State v. Freeders*, 2011-Ohio-4871.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :       C.A. CASE NO. 23952

vs.                              :       T.C. CASE NO. 09CR1888

CODY A. FREEDERS                 :

    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422
    Attorney for Plaintiff-Appellee

Daniel E. Brinkman, Atty. Reg. No. 0025365, 120 West Second Street, Suite 2000, Liberty Tower, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On June 8, 2009, Defendant Cody Freeders, accompanied by David Rupp, drove to 14990 Brookville-Pyrmont Road in Perry Township, the home of Jeffrey Todd. Defendant was armed with a handgun. Rupp had a baseball bat. Defendant believed that Todd

owed him money, and his purpose or intent was to assault and/or rob Todd.

{¶ 2} Defendant and Rupp entered Todd's residence without permission. A physical altercation occurred inside the residence, during which Defendant assaulted Todd with the gun and pointed it at him. Todd's roommate ran to a neighbor's house and called police.

{¶ 3} Defendant's vehicle was later stopped by police. Defendant told police a gun was under the front seat, and police saw a baseball bat on the back seat. Defendant was arrested. Rupp told police that Defendant had a gun inside Todd's residence.

{¶ 4} Defendant was indicted on two counts of aggravated burglary, one in violation of R.C. 2911.11(A)(1) and the other in violation of R.C. 2911.11(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(2), and one count of having weapons under disability in violation of R.C. 2923.13(A)(2). A three year firearm specification, R.C. 2941.145, was attached to the aggravated burglary and felonious assault charges.

{¶ 5} Defendant entered a plea of guilty to the weapons under disability charge. Following trial to the court, Defendant was found guilty of the remaining charges and specifications. The trial court sentenced Defendant to concurrent five year prison terms on each of the charges, merged the firearm specifications,

and imposed one additional and consecutive three year prison term on those, for a total sentence of eight years.

{¶ 6} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None was received.

{¶ 7} In performing our independent review of the record pursuant to *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct, 346, 102 L.Ed. 2d 300, we discovered one non-frivolous error that merited review: whether Defendant's convictions for aggravated burglary in two forms, R.C. 2911.11(A)(1) (serious physical harm), and R.C. 2911.11(A)(2) (deadly weapon/dangerous ordnance), are on this record and per *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569 allied offenses of similar import that must be merged pursuant to R.C. 2941.25. We appointed new appellate counsel to argue that issue. This matter is now before us for a decision on the merits of that issue.

ASSIGNMENT OF ERROR

{¶ 8} "WHETHER DEFENDANT'S CONVICTIONS FOR AGGRAVATED BURGLARY IN TWO FORMS, R.C. 2911.11(A)(1) (SERIOUS PHYSICAL HARM),

AND R.C. 2911.11(A)(2) (DEADLY WEAPON/DANGEROUS ORDNANCE), ARE, ON THE RECORD AND PER STATE V. BROWN, 119 OHIO ST.3D 447, 2008-OHIO-4569, ALLIED OFFENSES OF SIMILAR IMPORT THAT MUST BE MERGED PURSUANT TO R.C. 2941.25."

{¶ 9} R.C. 2911.11 defines the offense of aggravated robbery and provides:

{¶ 10} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply.

{¶ 11} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

{¶ 12} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

{¶ 13} The Double Jeopardy Clause of the United States Constitution, which applies to the States through the Fourteenth Amendment prohibits multiple punishments for the same offense. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶10. However, the Double Jeopardy Clause only prohibits a sentencing

court from prescribing greater punishment than the legislature intended. *Id.*, at ¶11. The two-tiered test set forth in R.C. 2941.25, Ohio's multiple count statute, resolves both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct. *Id.*, at ¶12. However, it is not necessary to resort to that test when the legislature's intent to impose multiple punishments is clear from the language of the statute. *Id.*, at ¶37.

{¶ 14} Ohio's multiple counts statue, R.C. 2941.25, provides:

{¶ 15} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 16} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 17} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged

pursuant to R.C. 2941.25. *Johnson* overruled the previous test announced in *State v. Rance* (1999), 85 Ohio St.3d 632, and held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. The Supreme Court explained its holding at ¶47-51, stating:

{¶ 18} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 19} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense

constitutes commission of the other, then the offenses are of similar import.

{¶ 20} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J.,dissenting).

{¶ 21} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 22} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶ 23} *Johnson* is a welcome relief from the abstractions of *Rance* and is more consistent with R.C. 2941.25 in that the tests it imposes apply to the conduct in which the defendant actually engaged.  If that conduct can be construed to violate two or more sections of the criminal code, the offenses involved are allied offenses of similar import per R.C. 2941.25(A).  The offenses must then be merged unless the conduct in which Defendant engaged was committed separately or with a separate animus as to each offense.  R.C. 2941.25(B).

{¶ 24} The record demonstrates that after Defendant kicked open Todd's back door and forcibly entered Todd's residence while armed with a gun, an altercation ensued inside the residence between Todd and Defendant during which Defendant struck Todd in the side of the head with the gun and pointed the gun at Todd while demanding money. That conduct violates both R.C. 2911.11(A)(1) and 2911.11(A)(2). Therefore, Defendant's violations of both R.C. 2911.11(A)(1) and 2911.11(A)(2) are allied offenses of similar import for purposes of R.C. 2941.25(A). *Johnson*, at ¶48. The further issue is whether the exception to merger in R.C. 2941.25(B) applies.

{¶ 25} The State concedes that Defendant's violations of R.C. 2911.11(A)(1) and 2911.11(A)(2) are allied offenses of similar import per R.C. 2941.25(A). We agree. The State argues that the offenses are nevertheless not subject to merger per R.C. 2941.25(B) because they were committed with a separate animus as to each. The State distinguishes the (A)(1) offense, hitting Todd in the side of his head with a pistol, from the (A)(2) offense, pointing the pistol at Todd's face and demanding money from him.

{¶ 26} The test that R.C. 2941.25(A) imposes examines the defendant's criminal conduct instrumentally, in relation to the statutory elements of the multiple offenses concerned. The "animus" test that R.C. 2941.25(B) imposes is different. It

examines the defendant's evil purpose or evil immediate motive for engaging in that criminal conduct. *State v. Logan* (1979), 60 Ohio St.2d 126. In the present case, unless Defendant's violations of R.C. 2911.11(A)(1) and (A)(2) were committed with an animus separate from the other, per R.C. 2941.25(B), their merger is mandated by R.C. 2941.25(A). Merger is likewise mandated unless, per R.C. 2941.25(B), the allied offenses were committed separately as to time, place, and circumstance.

{¶ 27} R.C. 2941.25(A) is complete in its terms, requiring a merger of allied offenses. R.C. 2941.25(B) operates as an exception to the merger that R.C. 2941.25(A) requires. In *State v. Hodge*, 124 Ohio St.3d 319, 2010-Ohio-2, the Supreme Court held that an erroneous failure to merge convictions for allied offenses requires a new sentencing hearing. We believe that, on this record, that hearing should include determination of whether the exceptions in R.C. 2941.25(B) apply to permit separate convictions.

{¶ 28} The assignment of error is sustained. Defendant's sentences for violations of R.C. 2911.11(A)(1) and 2911.11(A)(2) are reversed and vacated. The case is remanded to the trial court for further proceedings pursuant to this section.

FROELICH, J. And CANNON, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Daniel E. Brinkman, Esq.**
**Hon. Mary Lynn Wiseman**