[Cite as *State v. Herron*, 2011-Ohio-5021.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24033 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-1526 |
| v. | : | |
| | : | |
| RODNEY HERRON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LAURA M. WOODRUFF, Atty. Reg. #0084161, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

GLEN H. DEWAR, Atty. Reg. #0042077, Cicero Law Office, LLC, 500 East Fifth Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Rodney Jay Herron appeals from his conviction and sentence  on two counts of Murder (proximate result and purposeful), with firearm specifications; two counts of Felonious Assault (deadly weapon and serious physical harm),

with firearm specifications; and one count of Possession of Heroin. The victim of the Murder and Felonious Assault offenses was Kasey Fairman. Herron pled guilty to all charges.

{¶ 2} Herron's assigned counsel initially filed a brief under the authority of *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, indicating that counsel could not find any potential assignments of error having arguable merit. We rejected the *Anders* brief by entry filed herein on November 19, 2010, concluding that: "[T]here is an arguable assignment of error arising out of the fact that the two Murder convictions, involving the same victim, were not merged, and the two Felonious Assault convictions, involving the identical, same victim, were not merged in the sentencing entry." New appellate counsel was assigned.

I

{¶ 3} Herron's sole assignment of error is as follows:

{¶ 4} "THE TRIAL COURT ERRED BY FAILING TO MERGE ALL MURDER AND FELONIOUS ASSAULT CHARGES AS ALLIED OFFENSES OF SIMILAR IMPORT WHERE THE APPELLANT AT ONE TIME COMMITTED A SINGLE ACT FOR A SINGLE PURPOSE AGAINST A SINGLE VICTIM WITH A SINGLE RESULT."

{¶ 5} The trial court ordered the firearm specification three-year sentences to merge into a single three-year sentence to be served consecutively with, and prior to, the sentences for the principal offenses. The sentences for the two Murder convictions, the two Felonious Assault convictions, and the one Possession of Heroin conviction were ordered to be served concurrently. But the convictions themselves were not merged.

{¶ 6} The State concedes that under the law in effect at the time of the sentencing

hearing, the two Murder convictions should have been merged as allied offenses of similar import under R.C. 2941.25, and the two Felonious Assault convictions should have merged as allied offenses, as well. The State further concedes that after *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the surviving Felonious Assault conviction should have been merged with the surviving Murder conviction. In the filing the State has made pursuant to our Local App. R. 2.24, the State: " * * * gives notice of its agreement for remand of this case to the trial court for election and merger."

{¶ 7} We agree with Herron and the State that after *State v. Johnson*, the two Murder convictions must merge; the two Felonious Assault convictions must merge; and the surviving Felonious Assault conviction must merge with the surviving Murder conviction.

{¶ 8} Herron's sole assignment of error is sustained.

II

{¶ 9} Herron's sole assignment of error having been sustained, his convictions for Murder and for Felonious Assault are Reversed, and this cause is Remanded for the merger of those convictions, with the State making its election of which conviction shall survive, and for re-sentencing for the surviving conviction. In all other respects, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck

Laura M. Woodruff
Glen H. Dewar
Hon. Dennis J. Adkins