[Cite as *State v. Hall*, 2015-Ohio-4975.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                    :

        Plaintiff-Appellee,              :

                             :            Case No. 14CA21

        v.                                          :

                             :            DECISION AND
                             :            JUDGMENT ENTRY

CEE B. HALL,                                      :

        Defendant-Appellant.            :            RELEASED: 11/23/2015

_____

APPEARANCES:

Robert W. Bright, Middleport, Ohio for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney and Robert C. Anderson, Assistant Prosecuting Attorney, Ironton, Ohio for appellee.

_____

Hoover, P.J.

{¶ 1} Defendant-appellant Cee B. Hall ("Hall") appeals his convictions and sentences from the Lawrence County Court of Common Pleas. Hall pleaded guilty to five counts of Trafficking in Drugs with counts one and five being fourth degree felonies and counts two, three, and four being third degree felonies. On appeal, Hall presents two assignments of error for our review. First, Hall asserts that the trial court erred in not running all five of his sentences concurrently and/or in not making the required findings in order to run his sentences consecutively. Next, Hall contends that he received ineffective assistance of counsel. The State does not oppose Hall's first assignment of error; and we find that the trial court did not make the required findings necessary to order consecutive sentences. We also find that the alleged errors by Hall's trial counsel do not constitute ineffective assistance of counsel. Therefore, we sustain

Hall's first assignment of error and overrule Hall's second assignment of error. Accordingly, we affirm Hall's convictions; yet we vacate and reverse his sentences and remand this matter for resentencing consistent with this decision.

I. FACTS AND PROCEDURAL POSTURE

{¶ 2} On February 25, 2014, the Lawrence County Grand Jury indicted Hall on five counts of Trafficking in Drugs. Count one was in violation of 2925.03(A)(1)(C)(1)(a), a fourth degree felony. Count two was in violation of R.C. 2925.03(A)(1)(C)(1)(c), a third degree felony. Counts three and four were in violation of R.C. 2925.03(A)(1)(C)(1)(b), third degree felonies. Count five was in violation of R.C. 2925.03(A)(2)(C)(2)(b), a fourth degree felony.

{¶ 3} On May 22, 2014, Hall entered a plea of guilty to each count as charged in the indictment. The trial court proceeded to sentencing on May 28, 2014. The trial court sentenced Hall to 18 months on count one, three years on count two, three years on count three, two years on count four, and 18 months on count five. The trial court ordered the sentences for counts three and four to each be served consecutively to the sentences for counts one, two, and five, which were to run concurrently with each other. Therefore, Hall was sentenced to a total of eight years in the appropriate penal institution.

{¶ 4} On June 24, 2014, Hall filed a timely notice of appeal. Hall's appellate counsel then filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), advising this Court that after a thorough review of the trial court record he could discern no meritorious claims on appeal. We granted the motion to withdraw; but we appointed new counsel to prepare an appellate brief for Hall discussing the consecutive sentencing issue, as well as any further arguable issues, which could be found in the record. New appellate counsel was appointed; and now Hall presents this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Hall has presented two assignments of error for our review:

1. THE JUDGMENT OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED IN NOT RUNNING ALL FIVE (5) OF APPELLANT'S SENTENCES CONCURRENTLY AND/OR IN NOT MAKING THE REQUIRED FINDINGS.

2. THE JUDGMENT OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT.

## III. LAW AND ANALYSIS

### A. *First Assignment of Error*

{¶ 6} In his first assignment of error, Hall argues that the trial court failed to make required statutory findings to support imposition of consecutive sentences. Hall contends that the trial court's sentence is contrary to law; and this case should be remanded. The State does not oppose Hall's argument and agrees that this cause should be remanded for resentencing.

{¶ 7} We review a felony sentence under the standard found in R.C. 2953.08(G)(2). *State v. Bever*, 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶ 13; *State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 25. R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is otherwise clearly and convincingly contrary to law. The appellate court's standard of review is not whether the sentencing court abused its discretion. *See Bever* at ¶ 14; R.C. 2953.08(G)(2).

{¶ 8} R.C. 2929.14(C)(4) sets forth certain findings that a trial court must make prior to imposing consecutive sentences. *Bever* at ¶ 15. *State v. Black,* 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶¶ 56-57. That is, under Ohio law, unless the sentencing court makes the required findings set forth in R.C. 2929.14(C)(4), a presumption exists that sentences are to run concurrently. *Id.*

{¶ 9} Under R.C. 2929.14(C)(4), a sentencing court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Black* at ¶ 57; *State v. Clay,* 4th Dist. Lawrence No. 1 1CA23, 2013-Ohio-4649, ¶ 64; *State v. Howze,* 10th Dist. Franklin Nos. 13AP386 & 13AP387, 2013-Ohio-4800, ¶ 18. Specifically, the sentencing court must find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 10} The Ohio Supreme Court recently settled the issue of when and where the

trial court must state the required findings in order to sentence an offender to consecutive

sentences:

When imposing consecutive sentences, a trial court must state the required

findings as part of the sentencing hearing, and by doing so it affords notice to the

offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court

speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533,

863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings in

the sentencing entry.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

While the sentencing court is required to make these findings, it is not required to give reasons

explaining the findings. *Id*. at ¶ 27; *Howze* at ¶ 18; *State v. Stamper,* 12th Dist. Butler No.

CA201208166, 2013-Ohio-5669, ¶ 23. Furthermore, the sentencing court is not required to recite

"a word-for-word recitation of the language of the statute." *Bonnell* at ¶ 29. "[A]s long as the

reviewing court can discern that the trial court engaged in the correct analysis and can determine

that the record contains evidence to support the findings, consecutive sentences should be

upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive

sentence contrary to law. *Bonnell* at ¶ 34; *Stamper* at ¶ 23; *State v. Nia,* 8th Dist. Cuyahoga No.

99387, 2013–Ohio–5424, ¶ 22. The findings required by the statute must be separate and distinct

findings in addition to any findings relating to the purposes and goals of criminal sentencing. *Nia* at ¶ 22.

{¶ 11} Here, the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). At the sentencing hearing the trial court stated: "The court has considered the statements of counsel, the court has weighed the purposes and principles of sentencing in ORC 2929.11 the seriousness and recidivism factors in ORC 2929.12 and following the guidance of ORC 2929.13 would impose the following sentences." The court then proceeded to pronounce the sentences with an aggregate total of eight years. There was no mention of the requisite findings at the sentencing hearing. The requisite findings were also excluded from the corresponding sentencing entry. As a result, the trial court's order of consecutive sentences is contrary to law. Hall's first assignment of error is sustained.

### B. Second Assignment of Error

{¶ 12} In Hall's second assignment of error, he argues that he received ineffective assistance of counsel. Hall contends that although his trial counsel's errors taken individually are likely harmless error, the errors viewed in their entirety may rise to the level of reversible error. Hall asserts the following errors by his trial counsel: (1) counsel negotiated a plea agreement that included both concurrent and consecutive time, and also included a maximum sentence on four of the five counts; (2) counsel failed to object to the trial court's sentence based on the fact that the court did not make the requisite findings; (3) counsel failed to object when the trial court stated the following at the arraignment hearing: "Felonies of the third degree, carry a maximum of five years in the state prison***;" and (4) counsel failed to correct the trial court's statement at the plea hearing that: "…in violation of Section 2015.03(A)(1)(C)(1)(a) of the revised code."

{¶ 13} The State argues that Hall has failed to demonstrate that his trial counsel's performance was deficient, or that even if deficient, such an alleged deficiency would have resulted in a different outcome. The State contends that the most serious allegation of his trial counsel's deficiency, the failure to object to the court's sentencing, will be rectified by a remand of this case to the trial court for resentencing.

{¶ 14} Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout,* 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E .2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶ 14.

{¶ 15} "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters,* 4th Dist. Washington Nos. 13CA33, 13CA36, 2014–Ohio–4966, ¶ 23, quoting *Strickland* at 689. "Thus, 'the defendant

must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Id.*, quoting *Strickland* at 689. " 'A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.' " *Id.*, quoting *State v. Taylor,* 4th Dist. Washington No. 07CA1, 2008–Ohio–482, ¶ 10. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id.*

{¶ 16} In the case sub judice, Hall alleges that his counsel was deficient because he negotiated a plea agreement that included both concurrent and consecutive time, and also included a maximum sentence on four of the five counts. The record in this case indicates that the trial court held a hearing on May 14, 2014. On this date, the State offered to recommend a sentence of a total of six years in prison in exchange for Hall pleading guilty to all five counts of the indictment. Hall, himself, rejected the offer and elected to proceed to trial. On the morning of trial, May 22, 2014, Hall decided to enter a plea of guilty; and the State recommended eight years in the appropriate penal institution. Therefore, Hall's trial counsel was not deficient in negotiating a plea when Hall himself rejected an earlier plea in which the State had recommended a lesser sentence.

{¶ 17} Hall further alleges that his trial counsel was deficient when he failed to object to the imposition of consecutive sentences because the trial court failed to make the requisite findings. Hall argues that had his trial counsel objected to the sentence, it may have prompted the trial court to change the sentence and may have negated the need for this appeal. However, since we sustained Hall's first assignment of error, this case is being remanded for resentencing in accordance with Ohio's sentencing statutes. Hall's argument here is moot.

{¶ 18} In addition, Hall alleges that his trial counsel was ineffective when he failed to object when the trial court stated the following at the arraignment hearing: "Felonies of the third degree, carry a maximum of five years in the state prison* * *." Hall argues that the third degree felonies of which he was charged carry only a maximum of three years in prison. Hall contends that such a misunderstanding of the maximum sentence related to his three third degree felony charges would certainly have affected his decisions in negotiating a plea agreement. Hall is correct pursuant to R.C. 2929.14(A)(3)(b) that the third degree felony for which he was charged only carried a maximum of three years. However, the trial court rectified its mistake at the change of plea hearing by correctly stating to Hall during the Crim.R. 11 colloquy: "Counts two, three, and four are felonies of the third degree, each of them carry up to three years um, maximum sentence * * *." *See State v. Mayes*, 4th Dist. Gallia No. 03CA9, 2004-Ohio-2027, ¶ 29. Afterwards, Hall explicitly pleaded guilty to every count in the indictment. Therefore, Hall has failed to demonstrate that the outcome of the case would have been different had his trial counsel objected to the trial court's statement at arraignment.

{¶ 19} Lastly, Hall argues that his trial counsel was deficient because he failed to correct the following statement by the trial court at the plea hearing: "…in violation of Section 2015.03(A)(1)(C)(1)(a) of the revised code." While Hall is correct in pointing out the error in the quoted text, we find that counsel was not deficient in failing to object to this mistake by the trial judge, as the error is not prejudicial.

{¶ 20} Hall has failed to demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Accordingly we overrule Hall's second assignment of error.

IV. CONCLUSION

{¶ 21} Although we overrule Hall's second assignment of error and affirm his convictions, we sustain Hall's first assignment of error. Therefore, we reverse and vacate Hall's sentence and remand this cause to the trial court for resentencing consistent with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the sentence is hereby VACATED. It is further ordered that the JUDGMENT IS AFFIRMED IN PART, REVERSED IN PART and the CAUSE IS REMANDED for proceedings consistent with this opinion. Appellant and Appellee shall split the costs herein taxed.

The Court finds reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

By:_____
　　　Marie Hoover
　　　Presiding Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.