[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Upkins,* Slip Opinion No. 2018-Ohio-1812.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1812

THE STATE OF OHIO, APPELLEE, *v.* UPKINS, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Upkins,* Slip Opinion No. 2018-Ohio-1812.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2016-1742—Submitted December 5, 2017—Decided May 10, 2018.)

APPEAL from the Court of Appeals for Shelby County,

No. 17-16-04.

_____

{¶ 1} This cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, RICE, and DEWINE, JJ., concur.

FISCHER, J., dissents, with an opinion joined by FRENCH, J.

CYNTHIA WESTCOTT RICE, J., of the Eleventh District Court of Appeals, sitting for O'NEILL, J.

_____

**FISCHER, J., dissenting.**

{¶ 2} I disagree with the decision to dismiss this case as improvidently accepted. There are a number of problems regarding *Anders* briefs in this state that should be resolved by this court, and this case presents an opportunity to resolve several of those problems.

## I. Background

{¶ 3} Appellant, Lamone Upkins, was charged with four counts of fifth-degree-felony drug trafficking, seven counts of fourth-degree-felony drug trafficking, and one count of third-degree-felony drug trafficking. Upkins, assisted by counsel, negotiated a plea agreement in the Shelby County Court of Common Pleas whereby he pleaded guilty to two counts of fifth-degree-felony drug trafficking, two counts of fourth-degree-felony drug trafficking, and one count of third-degree-felony drug trafficking. In exchange for his plea, the state dismissed the remaining counts. The agreement included a joint sentencing recommendation of four years of incarceration.

{¶ 4} The trial court accepted Upkins's guilty plea and sentenced him to an aggregate sentence of four years and ten months of incarceration.

{¶ 5} Upkins appealed, and the same counsel that represented him in his trial-court proceedings represented him before the Third District Court of Appeals. Upkins's counsel subsequently filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as counsel. Upkins filed a pro se brief alleging, among other claims, that his plea was not voluntary because he did not understand that the court could reject the sentence that was jointly recommended, that the sentence was based on incorrect information regarding prior convictions, and that his trial counsel was ineffective in multiple ways. Upkins also argued that he should have been appointed new counsel because his present counsel had a conflict of interest.

{¶ 6} The appellate court conducted an independent review of the record and determined that there was no nonfrivolous claim. The court permitted counsel to withdraw, and it dismissed Upkins's appeal.

{¶ 7} Upkins filed a pro se jurisdictional appeal with this court. The court rephrased Upkins's fourth proposition of law and accepted jurisdiction over that proposition: "When appellate counsel also served as trial counsel and moves to withdraw pursuant to *Anders v. California*, the court shall permit counsel to withdraw and must then appoint new appellate counsel to review the record and raise any nonfrivolous appealable issue." 149 Ohio St.3d 1405, 2017-Ohio-2822, 74 N.E.3d 464.

## II. *Anders v. California*

{¶ 8} In *Anders v. California*, the United States Supreme Court ruled that a defendant's due-process and equal-protection rights are violated when defense counsel files a no-merit letter with the appellate court and does no more. 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. The court held that counsel is required to file a brief referring the appellate court to anything in the record that might arguably support the appeal. *Id*. The defendant must be furnished a copy of his counsel's brief and must be given the opportunity to raise his own arguments. *Id*. The court must then conduct an independent review of the record and determine whether the case is wholly frivolous. *Id*. Only after these multiple levels of review are complete can an appellate court dismiss an appeal under *Anders*. *Id*.

{¶ 9} The *Anders* procedure is a constitutional floor and not a constitutional ceiling. *Smith v. Robbins*, 528 U.S. 259, 265, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). In other words, states may impose greater duties on a defendant's attorney but may not allow counsel to fall short of this level of duty.

### III. The *Anders* procedure creates an ethical problem for appellate courts

{¶ 10} Under *Anders*, the appellate court must complete an independent review of the record and then appoint counsel to argue that appeal if the court finds

that a claim of arguable merit exists. This procedure places the court in the role of both advocate and adjudicator. In Ohio, how can a judge who has reviewed a record and identified issues of arguable merit then rule on the actual merits of the claims he or she previously identified without there being an appearance of impropriety, which is barred by the rules of judicial ethics? *See* Canon 1 of the Ohio Code of Judicial Conduct.

### IV. *Anders* in other states

{¶ 11} Several other states have either decided to not accept *Anders* briefs or have adopted a modified version of the procedure.

{¶ 12} The Idaho Supreme Court has entirely barred defense counsel from filing *Anders* briefs, noting that *Anders* is a constitutional safeguard, not a constitutional mandate. *State v. McKenney*, 98 Idaho 551, 552-553, 568 P.2d 1213 (1977). The New Hampshire Supreme Court has adopted the "Idaho rule" and has noted that provided appellate counsel has a good faith basis for bringing an appeal, defense counsel would not run afoul of any ethical duties because wholly frivolous appeals are "extremely rare." *State v. Cigic*, 138 N.H. 313, 316-317, 639 A.2d 251 (1994). The Georgia Supreme Court has stated that *Anders* briefs will no longer be considered and has specifically noted that there is nothing to suggest that defense counsel should be disciplined or subject to disapproval for filing a "frivolous" merit brief when representing an indigent client. *Huguley v. State*, 253 Ga. 709, 710, 324 S.E.2d 729 (1985).

{¶ 13} The Massachusetts Supreme Court has ruled that *Anders* created confusion for appointed counsel by requiring counsel to argue against the client's wishes and best interests. *Commonwealth v. Moffett*, 383 Mass. 201, 205-206, 418 N.E.2d 585 (1981). The court determined that counsel should not be permitted to withdraw but should represent the client succinctly and in a way that will do the client the least harm. *Id*. at 207-208. Counsel may also disassociate from the

arguments in the brief but must send a copy of the brief to the client if counsel does so. *Id*. at 208.

{¶ 14} The Missouri Supreme Court has determined that it will not permit appointed counsel in criminal appeals to withdraw under the *Anders* procedure and that counsel should " 'communicate to the court the issues and whatever can be said in support of them.' " *State v. Gates*, 466 S.W.2d 681, 683-684 (Mo.1971), quoting Advisory Committee Notes to ABA Standards, The Prosecution Function and the Defense Function 301 (1970 tentative draft). Similarly, the Colorado Supreme Court has looked to the ABA Standards for Criminal Appeals, which state that counsel cannot withdraw but should inform the client of the chances of success, eliminate arguments that lack any merit, and suggest the case be submitted on the briefs. *McClendon v. People*, 174 Colo. 7, 12, 481 P.2d 715, 718 (1971), citing ABA Standards, Criminal Appeals 3.2 (1970).

{¶ 15} The North Dakota Supreme Court has found that adopting the *Anders* procedure violated the state constitution. *State v. Lewis*, 291 N.W.2d 735, 738 (N.D.1980). The court ruled that counsel could move to withdraw but that replacement counsel should be appointed. *Id*.

{¶ 16} In addition to the seven states discussed above, nine other states have barred a defense attorney from filing an *Anders* brief. *See In re Attorney's Fees of Mohr*, 97 Haw. 1, 11, 32 P.3d 647 (2001); *Mosley v. State*, 908 N.E.2d 599, 607 (Ind.2009); *State v. Junkins*, 2001 ME 133, 779 A.2d 948, ¶ 8; *Ramos v. State*, 113 Nev. 1081, 1084, 944 P.2d 856 (1997); *State v. Talley*, 103 N.M. 33, 1985-NMCA-058, 702 P.2d 353, ¶ 23; *In re Bailey*, 187 Vt. 176, 2009 VT 122, 992 A.2d 276, ¶ 64; Revised Iowa R.App.P. 6.1005(1) and Iowa R.Prof.Cond. 32:3.1, comment 4; N.J. Court R. 3:22-6(d); W.Va.R.App.P. 3(d)(2). Kansas and Minnesota have not specifically barred the filing of *Anders* briefs by rule or case law, but neither state has adopted the *Anders* procedure, and *Anders* briefs are not filed by defense counsel in those two states. Martha C. Warner, *Anders in the Fifty States: Some*

*Appellants' Equal Protection is More Equal Than Others*, 23 Fla.St.U.L.Rev. 625, 651 and fn. 212 (1996) ("Kansas has an unwritten policy of not accepting *Anders* briefs"; "Minnesota does not have *Anders* briefs because of its centralized public defender system"). Rhode Island does not permit defense counsel to file an *Anders* brief when the defendant has been sentenced to life imprisonment without the possibility of parole. *See Motyka v. State*, 172 A.3d 1203, 1205, 1208 (R.I.2017).

{¶ 17} Finally, Oregon and South Dakota allow *Anders* briefs but offer an alternative in which counsel does not seek to withdraw but files a modified brief, *see State v. Balfour*, 311 Or. 434, 448-449, 451-452, 814 P.2d 1069 (1991), and *State v. Korth*, 2002 SD 101, 650 N.W.2d 528, ¶ 17, and Utah accepts *Anders*-type briefs but has created more rigorous requirements than those set forth in *Anders*, *see Dunn v. Cook*, 791 P.2d 873, 877 (Utah 1990). In sum, *Anders* has received far from universal approval.

## V. *Anders* in Ohio

{¶ 18} Ohio courts have applied the procedures announced in *Anders* since at least 1970. *State v. Toney*, 23 Ohio App.2d 203, 207, 262 N.E.2d 419 (7th Dist.1970). But the results have not been without flaws, and the procedures have not been uniformly applied. Additionally, in certain situations, such as the one presented in the case at bar, in which the same counsel represented the defendant before both the trial and appellate courts, concerns of constitutional magnitude arise regarding the representation afforded the defendant.

### A.     *Anders* briefs are sometimes filed in cases when there are meritorious claims

{¶ 19} *Anders* briefs have proved a less-than-effective method to determine whether a defendant has meritorious claims on appeal. In Ohio, there are many examples of defense counsel filing *Anders* briefs that were later rejected by appellate courts because there were nonfrivolous issues for appeal. Indeed, there are multiple examples of trial courts being reversed on one issue or another after

*Anders* briefs were filed but rejected. In other words, not only were the appeals not wholly frivolous, as required for the submission of an *Anders* brief, but assignments of error were eventually sustained. *See, e.g.*, *State v. Williams*, 6th Dist. Fulton No. F-08-008, 2010-Ohio-391, ¶ 3, 16-17 (*Anders* brief rejected and sentence vacated because plea was not made knowingly, intelligently, and voluntarily); *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, ¶ 4, 14-16 (*Anders* brief rejected and conviction reversed because defendant had not been apprised that consecutive sentences were mandatory); *State v. Hall*, 4th Dist. Lawrence No. 14CA21, 2015-Ohio-4975, ¶ 4, 10-11, 21 (*Anders* brief rejected and consecutive sentences vacated); *State v. Mack*, 1st Dist. Hamilton No. C-140054, 2015-Ohio-1430, ¶ 13, 30 (*Anders* brief rejected and sentence halved on appeal); *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 3, 15 (*Anders* brief rejected and conviction reversed because guilty plea was invalid); *State v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and C-120415, 2014-Ohio-2612, ¶ 14, 31, 37 (*Anders* brief rejected and conviction reversed because jury was instructed only on the lesser offense); *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, ¶ 2, 56 (*Anders* brief rejected and sentence reversed); *State v. Roberson*, 2d Dist. Greene No. 2010-CA-66, 2012-Ohio-5106, ¶ 11, 29-31 (*Anders* brief rejected, fruits of warrantless search suppressed, and conviction reversed); *State v. Herron*, 2d Dist. Montgomery No. 24033, 2011-Ohio-5021, ¶ 2, 9 (*Anders* brief rejected and trial-court judgment reversed because murder convictions and felonious-assault convictions merged); *State v. Freeders*, 2d Dist. Montgomery No. 23952, 2011-Ohio-4871, ¶ 6-7, 28 (*Anders* brief rejected and sentence vacated); *State v. Polus*, 6th Dist. Ottawa No. OT-08-040, 2010-Ohio-25, ¶ 2, 12 (same); *State v. Wilkinson*, 178 Ohio App.3d 99, 2008-Ohio-4400, 896 N.E.2d 1027, ¶ 6, 20-21 (2d Dist.) (*Anders* brief rejected and conviction reversed because indictment was improperly amended); *see also State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, ¶ 10, 30-31 (*Anders* brief rejected and new hearing ordered on plea

withdrawal; defendant's Sixth Amendment rights were violated because defendant was not represented by counsel while defense counsel testified during hearing on motion to withdraw guilty plea); *State v. Smith*, 2d Dist. Montgomery No. 24402, 2013-Ohio-1586, ¶ 12-13, 30, 39 (*Anders* brief accepted but defendant successfully had case reopened and conviction reversed because juror was improperly excluded).

{¶ 20} In *State v. Gilbert*, this court affirmed an appellate court's judgment reversing a trial court's decision in a case in which an *Anders* brief was filed and was rejected by the appellate court. 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 13-14. The court of appeals in *Gilbert* had rejected counsel's *Anders* brief and appointed new counsel to represent the defendant. 1st Dist. Hamilton No. C-110382, 2012-Ohio-1366. In its subsequent decision, the appellate court held that it had been improper for the trial court to vacate the defendant's original sentence and order a longer sentence. 1st Dist. Hamilton No. C-110382, 2013-Ohio-238, ¶ 4, 18. The appellate court reinstated the defendant's 18-year sentence and vacated the trial court's 18-years-to-life sentence. *Id*. at ¶ 3, 21. This court accepted the state's discretionary appeal and affirmed the appellate court's judgment.

{¶ 21} This sampling of the many cases with similar processes and outcomes demonstrates that the *Anders*-brief system is not effective in protecting the appellate rights of defendants. It would be almost impossible to determine the number of cases in which an *Anders* brief was filed and a reversible error went undetected by the court, attempting to act in an unnatural role as an advocate for the defendant, and by the pro se defendant, attempting to make his case on appeal without the benefit of legal training.

**B.     Two Ohio appellate districts do not accept *Anders* briefs**

{¶ 22} In June 2017, the Fourth District Court of Appeals decided that it would no longer accept *Anders* briefs. *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d

942 (4th Dist.). As a basis for its decision, the court cited the prejudice that the client faced, the conflict of interest and ethical problems that counsel faced, the burden on the judiciary to perform the role of both advocate for the defendant and adjudicator of potential claims, the lack of uniformity among the states, and alternative procedures that avoid at least some of those pitfalls. The court also noted that the *Anders*-like procedure utilized in Ohio varies among the appellate courts. Describing the Fourth District's approach, the court stated that " 'in the context of *Anders* review, * * * we fully examine the trial court proceedings,' " *Wilson* at ¶ 21, quoting *State v. Wright*, 4th Dist. Scioto Nos. 15CA3705 and 15CA3706, 2016-Ohio-7795, ¶ 18. The court contrasted this approach with that used in *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, ¶ 15-20, in which the Eighth District reasoned that "a completely independent examination of the entire record to determine if there are any colorable issues on appeal is 'overkill' and makes the court the defendant's counsel," *Wilson* at ¶ 22. The Fourth District decided that it would adopt the Idaho rule. *Id*. at ¶ 23.

{¶ 23} Even more recently, the Seventh District Court of Appeals adopted a rule and procedure similar to those the Fourth District adopted in *Wilson*. *State v. Cruz-Ramos*, 7th Dist. Mahoning No. 17 MA 0077, 2018-Ohio-1583, ¶ 16. The court specifically stated its approval of the Fourth District's reasoning. *Id*. at ¶ 14.

{¶ 24} Given that the Fourth and Seventh Districts no longer accept *Anders* briefs and that many other districts in Ohio continue to accept *Anders* briefs, there appears to be a conflict among the appellate courts. While this case did not squarely present the conflict issue, this court will likely have to address the conflict in the future. Indeed, Judge McFarland of the Fourth District made a request for his colleagues to certify a conflict on this exact issue in *State v. Gillian*, 4th Dist. Gallia No. 16CA11, 2017-Ohio-7386, ¶ 11 (McFarland, J., dissenting). This court could have ordered additional briefing or delayed final adjudication in the instant case until the conflict was resolved. Dismissing this case as improvidently accepted

leaves Upkins without redress for a claim that at least two Ohio appellate districts would hold meritorious.

### C.    Same counsel, res judicata, and the Sixth Amendment

{¶ 25} As the parties note in their briefs, in Ohio, when appellate counsel has also served as trial counsel, record-based claims of ineffective assistance of trial counsel need not be presented on direct appeal and can be presented in postconviction proceedings. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), fn. 1. This rule is an exception to the doctrine of res judicata, and it exists to eliminate the conflict of interests that would arise if counsel were required to argue their own ineffectiveness. *Id.*

{¶ 26} This rule makes a lot of sense, but it creates two unintended problems. First, I believe that there are deeply troubling Sixth Amendment implications. Criminal defendants have a constitutional right to counsel on direct appeal. *Douglas v. California*, 372 U.S. 353, 355, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). When trial counsel also serves as appellate counsel, ineffective-assistance-of-counsel claims, which are normally presented in the direct appeal, are preserved for postconviction proceedings. *See Cole* at 113, fn. 1, and syllabus. While we do not phrase it in this manner, the reality is that the direct appeal is split into two, with the first part being the traditional direct appeal and the second being a postconviction action raising the issue of ineffective assistance of trial counsel. The problem is that criminal defendants are not guaranteed counsel during postconviction proceedings. Thus, under the current system, some indigent defendants' direct appeals are split into two distinct actions and, in one of those actions, counsel is not appointed as a matter of course.

{¶ 27} Many questions could be raised as to whether such a procedure would withstand constitutional scrutiny, particularly as some Ohio appellate districts do not permit counsel to assert their own ineffectiveness on appeal—rendering ineffective-assistance-of-trial-counsel claims unreviewable in the

traditional direct appeal, *see, e.g.*, *State v. Tinch*, 84 Ohio App.3d 111, 126, 616 N.E.2d 529 (12th Dist.1992); *State v. Fuller*, 64 Ohio App.3d 349, 356, 581 N.E.2d 614 (2d Dist.1990).

{¶ 28} In states such as Ohio, where a defendant has the right to appeal a criminal conviction, indigent defendants are constitutionally entitled to counsel for that appeal. This constitutional protection is significantly eroded if a state can devise a procedure that bars traditional direct-appeal claims from being presented in a direct appeal and provides an alternative action for those claims to be heard but then fails to provide indigent defendants with counsel for those alternative actions. In other words, the Ohio procedure arguably robs criminal defendants of some of their Sixth Amendment protections. This case presents an opportunity to review that arguably unconstitutional procedure.

{¶ 29} The second problem is more particular to this case and other cases in which *Anders* briefs are filed. Upkins filed a pro se brief raising the claims that he believed were not wholly frivolous. Upkins argued that his trial counsel was ineffective. Upkins's counsel was not required to raise that argument because he had a conflict of interest. See *Cole*, 2 Ohio St.3d at 113, 443 N.E.2d 169, fn. 1, and syllabus. The appellate court determined that there were no nonfrivolous claims and that the *Anders* brief filed by defense counsel should be accepted and the case dismissed. This leaves the status of Upkins's claim of ineffective assistance of trial counsel in an unusual and problematic position. The appellate court represents that there are no nonfrivolous claims that could be raised, Upkins has argued that there is a nonfrivolous ineffective-assistance-of-trial-counsel claim, but Upkins's counsel, who filed the *Anders* brief, was not expected to raise that argument because it is preserved for postconviction. This logically leads to a question: is the ineffective-assistance claim, which was raised pro se by Upkins and reviewed and then dismissed by the appellate court, res judicata for purposes of postconviction proceedings, or are claims presented and adjudicated by the appellate court

preserved for postconviction proceedings because Upkins did not have constitutionally required counsel to represent him regarding these claims? Either answer is unsatisfactory and demonstrates exactly why appellate counsel who also served as trial counsel should not be permitted to file an *Anders* brief. This situation, while perhaps unusual, should be addressed by this court. Adopting Upkins's proposition of law would be one potential resolution. The state argued that rulemaking is an alternative method by which these problems can be resolved. Whether it be through case law or by rulemaking, a resolution is needed sooner rather than later.

## VI. Conclusion

{¶ 30} For the above-stated reasons, I disagree with the court's decision to dismiss this case as improvidently accepted. I would address the proposition of law presented, as I have doubts regarding *Anders* briefs in general and the propriety of counsel filing an *Anders* brief after representing a defendant in both the trial court and the appellate court.

FRENCH, J., concurs in the foregoing opinion.

————————————

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Peter T. Reed, Deputy Solicitor; and Timothy S. Sell, Shelby County Prosecuting Attorney, and Melissa L. Wood, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

————————————