[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bowshier,* Slip Opinion No. 2018-Ohio-2150.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2150

THE STATE OF OHIO, APPELLEE, *v*. BOWSHIER, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bowshier,* Slip Opinion No. 2018-Ohio-2150.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2017-0936—Submitted April 11, 2018—Decided June 6, 2018.)

APPEAL from the Court of Appeals for Clark County,

Nos. 15-CA-54 and 15-CA-73.

_____

{¶ 1} This cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, DEWINE, and DEGENARO, JJ., concur.

FISCHER, J., dissents, with an opinion joined by FRENCH, J.

_____

**FISCHER, J., dissenting.**

{¶ 2} I respectfully disagree with the decision to dismiss this case as improvidently accepted.

**{¶ 3}** The court accepted the following issue for review: a court of appeals must not dismiss a case pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when the appellant presents case law in support of his or her position. *See* 150 Ohio St.3d 1451, 2017-Ohio-8136, 83 N.E.3d 938. No proposition of law was asserted or accepted regarding the Sixth Amendment rights of an incarcerated criminal defendant when the only issue remaining in the case relates to forfeiture of property. However, appellee, the state of Ohio, argues that this Sixth Amendment issue is a necessary threshold question because *Anders* is applicable only when Sixth Amendment rights have attached. The state adds that Sixth Amendment rights do not attach to forfeiture proceedings, and the appeal in this case is taken from a "post-sentence" forfeiture proceeding.

**{¶ 4}** There could be good reasons to dismiss a case as improvidently accepted when no proposition of law was accepted on a threshold question. I would find, however, that the state's failure to present its Sixth Amendment argument to the lower courts constitutes a waiver of that argument. Indeed, the state should be judicially estopped from arguing that the Sixth Amendment does not apply in this case; not only did the state fail to argue that appellant, Jeffrey Bowshier, had no right to counsel, but the state represented at oral argument that *the state* requested that counsel be appointed for Bowshier after he filed a pro se brief in the court of appeals. For these reason, I believe the court should proceed to rule on the accepted proposition of law but should do so without deciding whether Sixth Amendment rights attach in this factual scenario.

**{¶ 5}** This case is simple. The state conceded at oral argument that Bowshier has assignments of error that are *not* "wholly frivolous" and that should have been raised by counsel on appeal. Under these circumstances, and assuming but without deciding that Bowshier's Sixth Amendment rights attached to the proceeding, the Second District Court of Appeals should have rejected defense counsel's *Anders* brief and appointed new counsel to represent Bowshier.

**{¶ 6}** Moreover, I would hold, seemingly uncontroversially, that a court of appeals should not dismiss a case pursuant to *Anders* when the appellant presents precedential case law in support of his or her argument. I would also emphasize that this holding does not determine whether Sixth Amendment rights attach to forfeiture proceedings.

**{¶ 7}** Finally, this is the second case that this court has recently dismissed as improvidently accepted that challenged the manner in which Ohio applies *Anders*. *See State v. Upkins*, ___ Ohio St.3d ___, 2018-Ohio-1812, __ N.E.3d ___. As I stated in my dissent in *Upkins*, the *Anders* landscape in Ohio has been evolving and this court needs to determine whether Ohio's appellate courts should continue to accept *Anders* briefs. *Id.* at ¶ 24 (Fischer, J., dissenting). At a minimum, this court must provide guidance to the lower courts as to how to apply *Anders* consistently and correctly.

**{¶ 8}** For these reasons, I respectfully dissent.

FRENCH, J., concurs in the foregoing opinion.

_____

D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew P. Pickering, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____