**[Cite as *In re D.K.*, 2020-Ohio-4156.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | |
|---|---|
| IN RE: D.K. | : |
| | : |
| | : Appellate Case No. 28728 |
| | : |
| | : Trial Court Case No. 2019-2172 |
| | : |
| | : (Appeal from Common Pleas Court- |
| | : Juvenile Division) |
| | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of August, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Appellee, State of Ohio

CRISTY N. OAKES, Atty. Reg. No. 0081401, 2312 Far Hills Avenue, Suite 143, Dayton, Ohio 45419
    Attorney for Appellant, D.K.

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, D.K., appeals from the trial court's adjudication of his guilt on two counts of illegal use of a minor in nudity-oriented material or performance. Raising two assignments of error, D.K. argues that the trial court erred by overruling his motion to suppress evidence obtained as the result of a purportedly custodial interrogation for which he was not advised of his *Miranda* rights, and by failing to merge the two counts for purposes of disposition. We hold that the trial court did not err by overruling D.K.'s motion because the evidence in question would inevitably have been discovered during a routine search of his person incident to his arrest, and we hold further that the trial court did not err by failing to merge the two counts for which he was adjudicated. Therefore, D.K.'s adjudication is affirmed.

## I. Facts and Procedural History

{¶ 2} On April 28, 2019, officers with the Dayton Police Department investigated allegations that D.K., a minor, had raped another minor. Transcript of Hearing on Motion to Suppress 9:24-11:25 and 49:20-55:1, July 10, 2019. The accuser indicated that D.K. might have captured video of the incident with his cellular telephone. *Id.* at 12:5-12:13. Later that evening, the officers responded to D.K.'s residence, apparently with the intention of formally arresting him; the officers found D.K. at home and placed him in handcuffs. *See id.* at 55:2-58:8. The officers did not inform D.K. of his *Miranda* rights at that time. *Id.* at 64:2-64:23.

{¶ 3} After they had handcuffed D.K., the officers patted him down and asked whether he had any belongings on his person—specifically asking whether he had his cellular telephone. *Id.* at 57:17-58:16 and 64:12-64:15. D.K. initially told the officers that he left his telephone in the basement of the residence, but once that statement proved

to be incorrect, D.K. told the officers that the telephone was in or near the waistband of his pants, which proved to be accurate.[1]  *See id.* at 58:9-58:24.   The officers then transported D.K. to the City of Dayton Safety Building.   *Id.* at 64:2-65:10.   Several hours later, officers informed D.K. of his *Miranda* rights, and he executed a written waiver.   *See id.* at 27:3-28:18.   An interview followed.

{¶ 4} On May 14, 2019, the State filed an amended complaint against D.K. in the Montgomery County Court of Common Pleas, Juvenile Division, charging him with two counts of rape, in violation of R.C. 2152.02 and 2907.02(A)(2); one count of attempted rape, in violation of R.C. 2152.02 and 2923.02(A); and two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2152.02 and 2907.323(A)(1).   D.K. moved to suppress all statements and other evidence, and after holding a hearing, the trial court overruled the motion in its decision of July 17, 2019.

{¶ 5} On January 21, 2020, D.K. entered admissions of guilt to the two counts of illegal use of a minor in nudity-oriented material or performance, and the State dismissed the remaining counts.   The trial court ordered that D.K. be committed to the Department of Youth Services for one year on each count, with the terms to be served consecutively. D.K. timely filed a notice of appeal on February 26, 2020.

## II. Analysis

{¶ 6} For his first assignment of error, D.K. contends that:

THE TRIAL COURT ERRED BY R[E]FUSING TO SUPPRESS

---

[1] The telephone seemed to have slipped from the waistband of D.K.'s pants but was suspended between a pant leg and D.K.'s thigh, perhaps by the tension of the fabric or, conversely, caught in a fold of slack fabric.  *See* Transcript of Hearing on Motion to Suppress 58:9-58:24.

JUVENILE-APPELLANT'S STATEMENTS (AND CELLPHONE) MADE DURING CUSTODIAL INTERROGATION AND WITHOUT *MIRANDA* WARNINGS[.]

{¶ 7} D.K. posits that officers of the Dayton Police Department inappropriately conducted a custodial interrogation by asking him, before he had been advised of his *Miranda* rights, where his cellular telephone was. Appellant's Brief 8-9. Based on this proposition, D.K. argues that any statements he made thereafter, along with the telephone itself and any other evidence, should have been suppressed as fruits of a poisonous tree. *Id.* at 9.

{¶ 8} Appellate "review of a [trial court's ruling on a] motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trier of fact, the trial court "is in the best position to weigh * * * evidence * * * and evaluate [the credibility of] witness[es]," so the "appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 9, citing *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 12. Accepting the trial court's findings of fact as true, "the appellate court must then independently determine, without deference to the [trial court's legal] conclusion[s]," whether the "facts satisfy the applicable * * * standard." (Citations omitted.) *Burnside* at ¶ 8.

{¶ 9} Here, D.K. argues that the trial court should have sustained his motion to suppress because he was improperly subjected to a custodial interrogation without a *Miranda* warning. Appellant's Brief 8-9. The prosecution "may not use statements, * * *,

stemming from [police officers'] custodial interrogation of [an accused] unless it demonstrates the use of procedural safeguards effective to secure the [accused's] privilege against self-incrimination." *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Nevertheless, "[p]olice are not required to administer *Miranda* warnings to everyone whom they question." *State v. Biros*, 78 Ohio St.3d 426, 440, 678 N.E.2d 891 (1997), citing *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Only "custodial interrogation[s] [implicate] the need for *Miranda* warnings." (Emphasis omitted.) *Id.*, citing *Mathiason* at 494. Police questioning is "custodial" where the person being questioned "has [expressly] been taken into custody or otherwise deprived of his freedom to the degree associated with a formal arrest," and asking questions of the person constitutes an "interrogation" where the "the police should know" that the questions themselves, as well as "any words or actions on the part of the police," other than "those [words or actions] normally attendant to arrest and custody," are "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *State v. Vineyard*, 2d Dist. Montgomery No. 25854, 2014-Ohio-3846, ¶ 32.

{¶ 10} The State, in this case, concedes that D.K. was in custody when officers asked him where they could find his cellular telephone, meaning that the officers' inquiry would have been improper if the officers knew, or should have known, that D.K.'s response would likely be incriminating. Appellee's Brief 5; *see* Transcript of Hearing on Motion to Suppress 11:8-13:4 and 57:12-60:23. D.K. maintains that the question about his telephone was likely to elicit an incriminating response because "the phone was the evidence the police needed to prove" the accusation against him, and that the question

"was not a routine booking question because [the officers were] specifically looking for the phone as evidence of a possible rape." Appellant's Brief 9-10.

{¶ 11} D.K.'s argument is unavailing because he had his cellular telephone on his person at the time the officers took him into custody. Regardless of whether the officers should have delivered a *Miranda* warning before asking D.K. where the telephone was, the officers would inevitably have discovered the telephone once they transported him to the City of Dayton Safety Building and completed a routine inventory and collection of items on his person. *See, e.g.*, *State v. Smith*, 2019-Ohio-4706, 149 N.E.3d 184, ¶ 5 (2d Dist.) (noting that evidence obtained unconstitutionally is admissible if it would inevitably have been discovered during the course of a lawful investigation); *see* Transcript of Hearing on Motion to Suppress 60:8-60:14. D.K.'s first assignment of error is overruled.

{¶ 12} Additionally, we reject the State's argument that D.K. waived his right to challenge the trial court's ruling on his motion to suppress by entering an admission of guilt. We acknolwedge that other districts have held otherwise, but unlike adult criminal proceedings, in a juvenile proceeding, D.K. did not have the option of entering a plea of no contest to preserve his right to appeal the trial court's ruling.

{¶ 13} For his second assignment of error, D.K. contends that:

> THE TRIAL COURT ERRED IN FAILING TO MERGE THE TWO CHARGES FOR THE PURPOSES OF SENTENCING BECAUSE THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT[,] THUS SUBJECT TO MERGER UNDER R.C. 2941.25[.]

{¶ 14} D.K. argues that the trial court should have merged the two counts for which he was adjudicated because both of the "counts involve[d] the same victim * * * and arose

out of the same incident." Appellant's Brief 11. At the end of his sentecing hearing, D.K. "place[d] on record an objection to the consecutive [terms of committment to the Department of Youth Services because] the two videos, * * *, were [associated] with one incident, one animus." Transcript of Sentencing Hearing 18:5-18:10, Mar. 31, 2020. D.K. did not elaborate on this argument, cite to the record or offer any evidence in support. *See id.* at 17:23-18:15.

{¶ 15} The "Double Jeopardy Clause of the United States Constitution," along with Section 10, Article I of the Ohio Constitution, "prohibits * * * multiple punishments for the same offense." (Citation omitted.) *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 10. In practice, the import of the prohibition is to "prevent[ ] a sentencing court from prescribing greater punishment than the legislature intended." (Citation omitted.) *Id.* at ¶ 11. Ohio's merger statute, R.C. 2941.25, "resolves both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct." (Citation omitted.) *State v. Freeders*, 2d Dist. Montgomery No. 23952, 2011-Ohio-4871, ¶ 13.

{¶ 16} As a "practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25," a court must consider whether: (1) "the offenses [were or were not] dissimilar in import or significance"; (2) the offenses were committed separately; and (3) the offenses were "committed with separate animus or motivation." An "appellate court should apply a de novo standard of review [on consideration of] a trial court's * * * merger determination." *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶ 17} On the record before us, we hold that the trial court did not err by declining

to merge the two counts for which D.K. entered admissions of guilt. Notwithstanding that each of the two counts of illegal use of a minor in nudity-oriented material or performance related to video recordings of sex acts involving the same victim, we concur with the State's argument that by capturing two separate video recordings, D.K. committed two separate violations of R.C. 2907.323(A)(1). *See* Appellee's Brief 8-9. For example, with respect to "[o]ffenses involving distinct [acts] of sexual activity[,] each [act] constitute[s] a separate crime with a separate animus." (Citations omitted.) *State v. Washington*, 10th Dist. Franklin No. 01AP-727, 2002-Ohio-2086, ¶ 12; *see also State v. McLoughlin*, 2d Dist. Champaign No. 2017-CA-22, 2018-Ohio-2426, ¶ 44. This principle applies even if the distinct sexual acts are "part of one assaultive event." *State v. Jordan*, 2d Dist. Champaign No. 2016-CA-17, 2017-Ohio-5827, ¶ 10-11. D.K. did not develop the record below such that, for purposes of the instant appeal, this court has a sufficient factual basis to conclude that the trial court erred by not merging the two counts for purposes of disposition. D.K.'s second assignment of error is overruled.

### III. Conclusion

{¶ 18} The trial court did not err by overruling D.K.'s motion to suppress because his cellular telephone would inevitably have been discovered during a routine search of his person incident to his arrest. In addition, the trial court did not err by declining to merge the two counts of illegal use of a minor in nudity-oriented material or performance for purposes of disposition. Therefore, the assignments of error are overruled, and D.K.'s adjudication is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Cristy N. Oakes
Serah Siemann
D.A.
Hon. Anthony Capizzi