[Cite as *State v. Miller*, 2025-Ohio-5192.]

IN THE COURT OF APPEALS OF OHIO

TENANT APPELLATE DISTRICT

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 24AP-454<br>(C.P.C. No. 23CR-4898) |
| Darrell A. Miller, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Chima R. Ekeh,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Darrell A. Miller, appeals the July 18, 2024 judgment of the Franklin County Court of Common Pleas, following a jury trial and verdicts of guilt as to three second-degree felony counts of illegal use of a minor in a nudity-oriented material or performance, and one third-degree felony count of gross sexual imposition. The trial court sentenced each count separately and ran the imposed terms consecutive, imposing an aggregate sentence of 29 to 33 years incarceration. This timely appeal followed.

{¶ 2} Miller was indicted in September 2023, based on videos that were discovered on a phone ostensibly belonging to Miller on July 17, 2023, and which had apparently been

created some 11 days earlier. Officer Makenna Hemming responded to a call on July 17, 2023, at 1473 Hildreth Avenue. (July 17 & 18, 2024 Tr. at 186.) Officer Hemming testified that at that time, she viewed three videos that showed a male "masturbating on a young woman's vagina and ejaculating at one point." *Id.* at 187. Detective Joshua Martin then responded to the residence, took possession of the phone, obtained a warrant to perform a "data dump" on the phone, and found four videos relevant to this case. *Id.* at 218-219.

{¶ 3} M.H., the mother of the victim, testified that she and five of her children lived together, and that Miller was her "off and on" boyfriend and occasionally spent the night in their home. *Id.* at 197-198. She testified that on July 17, 2023, she went through Miller's phone because she believed he was unfaithful, and while doing so discovered videos on Miller's phone showing the exposed body of her seven-year-old daughter N.H., one of which showed Miller ejaculating onto N.H. *Id.* at 199. At trial, Miller recalled seeing two videos, but also stated she would not have been surprised if there were three such videos. *Id.* at 200. At trial, Miller described the videos as follows:

> A: Yeah. One of the videos, he was ejaculating into my daughter, on her. And then the other video, he was kind of just moving her leg a little bit, and he was like, I can't wait until you get a little older because I'm going to tear that up.
>
> Q: Okay.
>
> A: And then I seen another video. He must have just kind of stepped in the room, because they was up, and my daughter was playing with his sister. And he was like -- the camera was kind of focused in between her legs.

*Id.* at 199-200. M.H. identified her seven-year-old daughter N.H. by her "Scooby-Doo" t-shirt, bed cover, and N.H.'s private area, which she was familiar with from having given her baths and having seen her naked. *Id.* at 200-208. She identified three videos in court, stated that the voice heard in the first two videos was Miller's, *id.* at 202, and identified him

in the third video by the shorts he was wearing and by his penis, which she was able to identify from having had sex with him. *Id.* at 203. In a fourth video, she identified her daughter N.H. by her face and confirmed that she was the child wearing the "Scooby-Doo" t-shirt. *Id.* at 203-204.

{¶ 4} The jury found Miller guilty of all counts. After a review of memoranda on the question, the court concluded that the R.C. 2907.323 offenses could not be merged for sentencing purposes:

> The Court finds that Counts One, Two, and Three do not merge for purposes of sentencing. Under Revised Code Section 2941.25(B), if the defendant's conduct constitutes two or more offenses of dissimilar import, or where the conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the defendant may be convicted and sentenced as to all of those offenses.
>
> The Court finds that the three videos that were created by Mr. Miller constitute distinct and separate acts. Mr. Miller has been convicted of illegal use of a minor in a nudity-oriented material or performance, and each act of recording and stopping, and recording and stopping, and recording and stopping causes a new and distinct harm because there are three videos that exist of the offense that took place here.
>
> . . . [I]n other cases that this Court sees, where there's pandering and downloading child pornography, the argument is always, Well, it's a passive activity. It's a passive offense. It's just downloading. I think creating what amounts to child pornography is far worse. And that's what the evidence showed at trial, is that Mr. Miller was not just downloading child pornography. He was not just possessing it. He was creating it for his own use at a later time or to potentially share to other child -- other pedophiles.
>
> Given that these are three distinct videos that show three separate types of conduct, one in which Mr. Miller indicates he's going to continually -- to continually sexually assault the victim here when she grows up as she ages is disturbing. But it [also] indicates that each video was recorded with a separate and distinct animus. That even though it may have only been a 12-minute span in time, these are three distinct videos that

were created. And the Court finds that they do not merge under State versus Ruff.

(July 8, 2024 Tr. at 9-10.)  The court imposed a total aggregate sentence of 29 to 33 years incarceration.  This timely appeal followed, and Miller asserts four assignments of error with the trial court's judgment.

**Assignment of Error I:** Appellant's convictions were not support [sic] by sufficient evidence.

{¶ 5}   Pursuant to *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, to determine whether a conviction is supported by sufficient evidence of guilt, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id. following Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶ 6}   R.C. 2907.05(A)(4) provides that "[n]o person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when . . . [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶ 7}   Miller's argument on appeal is that there is insufficient evidence to convict on any of the charges, because the videos in question did not "show the face of the individual making the recording or touching the victim, nor show any unique characteristics of the individual sufficient to make an identification. . . . [And also because] the videos did not show the face of the alleged child, and it is impossible to determine that the person shown was a minor or less than thirteen years of age."  (Brief of Appellant at 11.)  But M.H.'s testimony regarding the videos—that the phone was Miller's; that she found the videos on his phone; that she recognized Miller by voice, clothing, and anatomy; and that she was

able to identify of her own seven-year-old daughter by face, body, and clothing—is sufficient evidence regarding each element of the offenses of conviction to sustain Miller's conviction. We therefore overrule this assignment of error, which wholly lacks merit.

> **Assignment of Error II:** Appellant's convictions were against the manifest weight of the evidence.

{¶ 8} Determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The factfinder may take note of inconsistencies at trial and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 2003-Ohio-958, ¶ 21 (10th Dist.), citing *State v. Antill*, 176 Ohio St. 61, 67 (1964). And therefore, "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by constitutional amendment on other grounds* and quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 2014-Ohio-2501, ¶ 22 (10th Dist.), citing *Thompkins* at 387. Appellate courts should reverse a conviction as being against the manifest weight of the evidence only in the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 9}   Miller contends that M.H. fabricated the case against him. Such an argument can only prevail on appeal if the uncontroverted evidence clearly demonstrates such fabrication. This record contains no such evidence, and Miller does not point to any—rather, he simply argues that M.H. was not a credible witness because she did not testify to any specific distinguishing characteristics regarding his identity in the video. But this is an inaccurate characterization of the record—M.H. testified that she was able to identify his voice, his clothing, and his anatomy. Moreover, M.H. has failed to point to anything in the record negating her identification of him.

{¶ 10}   Miller also argues that there was only one video split into three parts, and thus he could not be found guilty of three separate counts of illegal use of a minor in a nudity-oriented material. But Detective Martin testified the digital forensics unit found two relevant videos on the phone, that he himself found an additional two relevant videos on the phone. (Tr. at 219-222.) Three of those four videos form the basis of the charged offenses. The factfinder was free to believe M.H. and Martin, and Miller has not provided any evidence or other compelling basis for this court to disregard the testimony of either. Miller's second assignment of error lacks merit and is overruled.

> **Assignment of Error III:** Appellant was denied effective assistance of counsel.

{¶ 11}   In his third assignment of error, Miller claims that his trial counsel was constitutionally ineffective. In general, claims of ineffective assistance of counsel are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, an appellant must show that (1) counsel's performance was objectively unreasonable, *id.* at 687, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"

*id.* at 694. *See Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 12} Miller argues that his trial counsel was ineffective by failing to call an expert witness to testify on "whether it was just one video recording that split into three separate files due to Android phone software or storage limitations . . . ." (Brief of Appellant at 19.) But Miller cannot demonstrate he was prejudiced by this alleged failure because he cannot point to any evidence in the record tending to prove that this is how the phone software operates, that the phone had any such file storage limitations, or even that a single video had been split into three parts by his phone. Rather, Miller simply speculates that one of these alleged errors might have occurred. His argument requires evidence from outside the record to be successful, and therefore Miller cannot show a reasonable probability that the factfinder should have reached a different outcome. Accordingly, we overrule Miller's third assignment of error.

> **Assignment of Error IV:** The trial court erred by failing to merge counts one, two, and three.

{¶ 13} Finally, in his fourth assignment of error Miller argues that his three sentences for violations of R.C. 2907.323(A)(1) should have been merged for sentencing. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Ruff*, 2015-Ohio-995, syllabus, the Supreme Court of Ohio stated:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.
>
> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

Here, the trial court specifically concluded that "each act of recording and stopping, and recording and stopping, and recording and stopping causes a new and distinct harm because there are three videos that exist of the offense," that the three videos showed "three different types of conduct," and that "each video was recorded with a separate and distinct animus." (July 8, 2024 Tr. at 9-10.)

{¶ 14} As this court held in *State v. Eal*, 2012-Ohio-1373 (10th Dist.), the "mere fact that the crimes occurred in quick succession * * * does not mean that they were not committed separately or with separate animus." (Internal quotation omitted.) *Id*. at ¶ 93. In a similar case, the Second District held that the trial court "did not err by declining to merge . . . two counts of illegal use of a minor in nudity-oriented material or performance," and observed that even though the same victim appeared in both recordings, "by capturing two separate video recordings, D.K. committed two separate violations of R.C. 2907.323(A)(1)." *In re D.K.*, 2020-Ohio-4156, ¶ 17 (2d Dist.). Given the record evidence

here, this court must reach the same conclusion, and we therefore overrule Miller's fourth assignment of error as well.

{¶ 15} For all the foregoing reasons, Miller's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JAMISON, P.J., and DINGUS, J., concur.

————————